In re Harold Glen LLOYD Virginia Holcombe Lloyd d/b/a Lloyd's Dairy Farm, Debtor.

Bankruptcy No. 38200426.

United States Bankruptcy Court, W.D. Kentucky.

June 16, 1983.

Thomas Givhan, Shepherdsville, Ky., for debtor.

C. Lewis Mathis, Jr., Shelbyville, Ky., for Equitable Life Assur. Co. of the United States.

Kenneth L. Burhans, Louisville, Ky., for Equico Lessors, Inc.

Hancy Jones, Asst. U.S. Atty., Louisville, Ky., for U.S.

### MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

A threshold voting requirement for the conduct of a so-called "cram-down" hearing—that is, a hearing to consider the confirmation of a Chapter 11 reorganization plan notwithstanding its rejection by a majority of voting creditors—comes under review in this case.

Substantial legal effort has been expended in the course of this farm reorganization case, which has been before the Court since February, 1982. The extent of those efforts and the present posture of the case will be evident in a brief chronology:

1. Harold and Virginia Holcomb, d/b/a Lloyd's Dairy Farm, filed for Chapter 11 relief on Feb. 18, 1982.

2. A plan of reorganization was filed on July 23. After an adverse ruling on the adequacy of the disclosure statement in September, an amended plan was filed that same month; a disclosure statement was approved, and a confirmation hearing was set for November 12.

3. Numerous objections were filed by creditors, mostly on the ground of lack of feasibility of the proposed plan. The perceived deficiencies of that plan are not relevant to our ruling today, but due to the strength of the objections, confirmation was denied and the petitioners were permitted another continuance, until December 31, 1982, within which to file a second amended plan.

4. After still another continuance, a final confirmation hearing was set for February 8, 1983. The plan as twice amended established four classes, consisting, in order, of administrative expenses claims, secured, undersecured and unsecured claims. In tabulating the ballots in Class IV, the Court struck the affirmative vote of Glen and Martha Lloyd, the predominant creditors in dollar amount in that class and relatives of the petitioners, on the ground that the Lloyds were "insiders" as that term is used in Sections 101(25) and 1129(a)(10) of the Bankruptcy Code. Excluding that vote, there was not a single class of creditors affirmatively voting to accept the plan.

Confirmation may be extended only if "(a)t least one class of claims has accepted the plan." 11 U.S.C. § 1129(a)(10).

The only class of claims which may be considered as "accepting" this plan are those administrative expenses included in Class I. They are priority claims under Section 507(a)(1) of the Code, and since they are to be paid in full, they are characterized by these petitioners as "not impaired" and thus "deemed to have accepted" the plan under Sec. 1126(f).

■ The question thus presented is whether a nonvoting, unimpaired class of claims, which is "deemed to have accepted" by literal application of the statute, satisfies the requirement that "at least one class has accepted the plan."

Petitioners' argument is neatly capsulized in a single paragraph of their extensive memorandum;

"As a necessary part of the plan, administrative expenses form a legitimate classification. As a class they are entitled to voting consideration. As an umimpaired class they are deemed to have accepted the plan. With one class having accepted, the requirements of 11 U.S.C. § 1129(a)(10) is satisified (sic) for purposes of invoking the cram-down provisions of 11 U.S.C. § 1129(b)." [1]

The concept is entirely too capacious. If adopted by this court, it would mean that every plan in which there are administrative expenses, which is to say *every plan,* would qualify for a "cramdown" confirmation hearing.

1. Brief for debtors in possession, filed March 22, 1982, at p. 4.

■ Parsing the petitioners' statement of position, we have difficulty understanding the claim that "as a class they (administrative expense claims) are entitled to voting consideration." Does that mean that an unimpaired class of claims "deemed to have accepted" should be treated as though it had cast an affirmative vote in favor of the plan? That is the only meaning we can fairly give to the statement, and it is that meaning which we reject. We hold that the *affirmative* vote of an *impaired* class is required to satisfy § 1129(a)(2)(10).

Courts which have considered the question agree. See *In re Pine Lake Village Apartment Co.,* 19 B.R. 819, 6 C.B.C.2d 713 (Bkrtcy.S.D.N.Y.1982); *In re Barrington Oaks General Partnership and Starcrest Properties Ltd.,* 15 B.R. 952, 5 C.B.C.2d 929 (Bkrtcy.D.Utah 1981).

As we have suggested, our ruling will prevent the universal availability of the "cramdown" confirmation hearing and thereby close off broad avenues of judicial discretion. The confirmation of a plan over the objection of dissenting creditors is not only a radical departure from the democratic principles implicit in § 1129 but an exercise of equity powers in their boldest form. We cannot ascribe a congressional intent to confer such sweeping powers.

Our ruling on the § 1129(a)(10) question obviates an analysis of counsel's meticulous briefing of the "fair and equitable" and "best interest of creditors" tests under § 1129(b), which in the interest of time and at the request of the Court have been made part of this record.

Finally, we note the debtors' assertion that the negative vote of the secured creditor Farmers Home Administration should be excluded because the agency is an "insider". It is an allegation only, argued pro and con in the briefs, but is nowhere supported by any evidence. The argument is therefore rejected.

With the plan as twice modified still falling short of the threshold requirements for a "cramdown" confirmation hearing, six-teen months into this proceeding, the debtors' "inability to effectuate a plan",[2] is painfully obvious. For that reason, the motions for dismissal by the secured creditors Farmers Home Administration and Equitable Life Assurance Company must be sustained.

It is therefore ORDERED that the aforementioned motions are sustained, and the Chapter 11 petition of Harold and Virginia Lloyd is hereby DISMISSED. This is a final order.