**In re Frank C. SNEDAKER, Debtor.**

**Bankruptcy No. 82–01266–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

July 21, 1983.

Reggie Sanger, Fort Lauderdale, Fla., for debtor.

## ORDER CONTINUING CONFIRMATION

THOMAS C. BRITTON, Bankruptcy Judge.

A confirmation hearing was held on May 17, upon this debtor's chapter 11 plan filed March 15, 1983. The plan has been rejected by class 2. This class includes only the IRS which has a sixth priority tax claim of $8.125. The plan has been accepted by all other classes of impaired creditors.

The debtor's position is that the IRS claim is unimpaired under this plan and, therefore, under 11 U.S.C. § 1126(f) the rejection may be disregarded.

The plan provides for the IRS claim to be paid in deferred cash payments, over a period of six years after confirmation, together with interest of 12%.

Impairment is defined by § 1124 which provides that a claim is impaired unless the plan (1) "leaves unaltered" the rights of the claimant or (3) the claimant receives "on the effective date of the plan ... cash equal to ... the allowed amount of such claim".

Applying this definition literally, it would appear that this plan "alters" the rights of the IRS by deferring payment and it would appear equally clear that IRS will not receive "cash" payment of its claim "on the effective date of the plan", therefore, the plan "impairs" this claim. If so, confirmation must be denied under § 1129(a)(8). And this is so notwithstanding the fact that § 1129(a)(9)(C) explicitly provides that with respect to certain unsecured governmental claims § 507(a)(6), including this particular tax claim, the plan must make at least the following minimum provision for such claims:

> "deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim."

At *Collier on Bankruptcy* (15th ed.) ¶ 1129.-02[9], the editors have concluded that although a plan complies with § 1129(a)(9), it must be denied confirmation under § 1129(a)(8) unless the priority class consents to that treatment. The statutory language, applied literally, certainly supports this conclusion.

However, the dicta in *Matter of Southern States Motor Inns, Inc.*, 709 F.2d 647 (11 Cir.1983), persuades me otherwise. Relying on the legislative history, our court has said:

> "governmental tax claims entitled to priority under § 507(a)(6) 'may be required to take deferred cash payments over a period not to exceed 6 years after the date of assessment of the tax with the present value equal to the amount of the claim' "

and

> "Congress used the phrase 'value, as of the effective date of the plan' in order to insure that creditors with priority tax claims who were required to accept payments over time would receive deferred payments equivalent to the present value of their claims." *Id.* at 650.

It is clear from these statements that if the plan's provision for a class complies with § 1129(a)(9), the class is "not impaired" under the provisions of § 1129(a)(8).

We turn, therefore, to the question whether this plan complies with

§ 1129(a)(9). The IRS claim concedes on its face that its assessment was prohibited by the filing of bankruptcy. Therefore, the only remaining question is whether the 12 percent interest provides IRS with the equivalent of immediate payment in full.

In *Matter of Southern States Motor Inns, Inc.,* the court held that:

> "the interest rate to be used in computing present value of a claim pursuant to § 1129(a)(9)(C) should be the current market rate"

and in footnote 10, the court makes it clear that it is referring to the current rate for *unsecured* loans. The court has also said:

> "the court must consider the prevailing market rate for a loan of a term equal to the payout period, with due consideration of the quality of the security and the risk of subsequent default."

The debtor offered no proof as to the current interest rates and the IRS has not participated in this case other than to reject the plan. The plan enjoys no presumption that it meets all the statutory requirements. Therefore, it is the burden of the plan proponent, the debtor in this instance, to show that 12 percent is enough. The debtor has failed to do so.

I take judicial notice that the current prime rate in this area is 10.5% for a one year unsecured loan. The market rate for unsecured loans to borrowers who are not prime candidates but are acceptable risks *for a three year loan* currently ranges from 13% to 20% in this area. No market exists in this area for an unsecured, six year fixed interest loan to a marginal borrower. And no market presently exists for any unsecured loan to any debtor in bankruptcy for any time period at any rate of interest. Therefore, the proposed 12% falls far short of the test framed in *Southern States Motor Inns* and, therefore, the IRS is impaired and since its class has rejected the plan, confirmation is denied under § 1129(a)(8).

The confirmation hearing is continued to August 2, 1983, at 10:00 a.m. in Courtroom 329, 701 Clematis Street, West Palm Beach, Florida, to afford the debtor an opportunity to either (a) win acceptance of a modified proposal for the IRS, or (b) submit a modified proposal and/or evidence that would comply with § 1129(a)(9). Failing either of these alternatives, this case will be dismissed or converted to chapter 7.