**In re Claude W. RUSSELL, SS#: 224–62–5516, Betty Fletcher Russell, SS#: 240–66–9395, t/a Russell's Equipment Company, Debtors.**

**Bankruptcy No. S–84–00081–2.**

United States Bankruptcy Court,
E.D. North Carolina.

Oct. 30, 1984.

Terri L. Gardner, Raleigh, N.C., for debtors.

## MEMORANDUM OPINION AND ORDER DENYING CONFIRMATION

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the confirmation of the debtors' amended plan of reorganization. A hearing was held in Raleigh, North Carolina on October 12, 1984.

### FACTS

The debtors-in-possession, farmers under 11 U.S.C. § 101(17), filed a voluntary chapter 11 petition on January 16, 1984. At the time of filing the debtors owned 35.35 acres of real property, their residence, and various personal property including farming equipment, inventory of Russell's Equipment Company, 3 motor vehicles, household goods and Albemarle Production Credit Association stock valued at $9,400.00 (redeemed and applied to APCA's indebtedness pursuant to court order).

During the course of the case, with the consent of all secured creditors and without objection of any unsecured creditors, the debtors liquidated all their assets (excluding those exempted) receiving $156,179.50 in proceeds. After paying administrative expenses, the $142,039.08 of remaining proceeds was exhausted satisfying secured creditors' claims. These claims were paid in order of priority as if this were a case under chapter 7. Unsecured creditors received no distribution. The debtors have submitted a proposed amended plan of reorganization that, in effect, ratifies the distribution of all liquidation proceeds to secured creditors.

The debtors claimed exemptions pursuant to 11 U.S.C. § 522(b)(2), and N.C.G.S. §§ 1C–1601 and 1–362 of personal or household goods ($1,700.00), proceeds from the sale of their residence ($5,000.00), and wages necessary for support of the debtors' family ($6,000.00). The debtors also kept an automobile encumbered to the full extent of its market value.

Also, during the case, Farmers Bank of Sunbury filed a complaint objecting to the dischargeability of its unsecured claim against the debtors. Following the September 11, 1984 adversary proceeding in Raleigh, North Carolina, the court held the debts of $25,000.00 and $10,630.84 plus interest (as evidenced by two promissory notes) to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

No creditors filed ballots accepting or rejecting the debtors' amended plan. Notwithstanding this fact, the debtors argue that their plan should be confirmed since an orderly liquidation of their estate and distribution of the proceeds has been completed, and as a practical matter, the results of the completed liquidation are no different under the proposed plan, if confirmed, than in a case under chapter 7.

### DISCUSSION AND CONCLUSIONS

█ Even if the debtors' argument is true, their proposed plan cannot be confirmed if it does not meet the requirements of 11 U.S.C. § 1129(a)(10) requiring that at least one class of impaired creditors accept the plan. *In re Barrington Oaks General Partnership*, 15 B.R. 952, 976 (Bkrtcy. D.UT 1981); *In re Pine Lake Village Apartment Co.*, 19 B.R. 819, 828 (Bkrtcy.S. D.N.Y.1982); *In re Pine Lake Village Apartment Co.*, 21 B.R. 478, 480 (Bkrtcy.S. D.N.Y.1982); *In re Polytherm Industries, Inc.*, 33 B.R. 823, 838 (W.D.WI 1983); *In re Lloyd*, 31 B.R. 283, 285 (Bkrtcy.W.D.KY 1983); *In re Economy Cast Stone Co.*, 16 B.R. 647, 651 (Bkrtcy.E.D.VA 1981). The secured creditors, having been paid at least a portion of their claims, are nonimpaired and may be deemed to accept the liquidation and distribution as proposed in the plan. 11 U.S.C. §§ 1124(3)(A) and 1126(f). For the purposes of 11 U.S.C. § 1129(a)(10), however, the deemed acceptance of this nonimpaired class is insufficient for the plan confirmation. The only impaired class of creditors in this case is the unsecured creditors. Even if they had voted to accept the plan, the unsecured creditors would be deemed not to have accepted the plan since

they received no proceeds from the debtors' liquidation. 11 U.S.C. § 1126(g).*

Though the debtors maintain there is no practical difference between the acceptance of their proposed plan (in effect ratifying the debtors' liquidation and distribution under chapter 11) and administration of the same case under chapter 7, there is, in fact, a major difference. A trustee would have been appointed. The trustee would independently oversee the administration of the debtors' estate. He would collect the property of the estate, examine creditors' claims, examine the debtors' exemptions, and supervise liquidation. Throughout this case the debtors, as debtors-in-possession, have controlled the sale of their assets and distribution of proceeds. There has been no trustee to independently supervise administration of the estate as there would have been in a case under chapter 7.

In any event, approval of an impaired class is required before the debtors' plan can be confirmed. Since they have not met that requirement in this case, the debtors' amended plan of reorganization cannot be confirmed. Accordingly,

IT IS HEREBY ORDERED that the confirmation of the debtors' Amended Plan of Reorganization is DENIED.

---

* This case does not consider the more difficult question of whether the plan could be confirmed pursuant to 11 U.S.C. § 1129(b)(2)(B)(ii) over the objection of unsecured creditors who are being paid less than the full amount of their claims when the debtors are retaining "any property", i.e., exempt property.