**In re Doyle E. CAMPBELL and Yoshie K. Campbell d/b/a Campbell's Seafood, Debtors.**

**Bankruptcy No. 87-00024.**

United States Bankruptcy Court, N.D. Florida, Gainesville Division.

July 25, 1988.

Lansing J. Roy, Keystone Heights, Fla., for debtors.

MEMORANDUM OF OPINION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CASE under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.) came on for confirmation of the debtors' plan of reorganization on June 29, 1988. One of the debtors, Mrs. Yoshie Campbell and their attorney were present for the hearing. The United States Trustee and the attorney for Florida Investors Mortgage Corporation were the only other parties appearing at the hearing. There were no objections to the plan filed, and the summary of ballots submitted by the debtors' attorney reflected that all impaired classes which had voted accepted the plan. However, there were four classes of impaired secured claims which failed to return ballots either accepting or rejecting the plan.

The debtors presented evidence at the hearing to establish that the plan as filed complied with the requirements of § 1129(a)(1)–(7), (9), (11) and (12). The ballot summary established compliance with § 1129(a)(10). The only remaining question, then, was whether or not the requirements of § 1129(a)(8) had been met. The standard for confirmation as set forth in § 1129(a)(8) is as follows:

> (8) With respect to each class of claims or interests—
>
> (A) such class has accepted the plan; or
>
> (B) such class is not impaired under the plan.

If all of the confirmation requirements as set forth in § 1129(a) except for (a)(8) are satisfied, the plan may still be confirmed pursuant to § 1129(b) if the Court finds that the plan does not discriminate unfairly and that it is "fair and equitable" with respect to the impaired non-accepting classes. This procedure is commonly known as "cram down". The cram down

procedure normally delays the confirmation process since the debtors frequently do not know the result of the voting until shortly before the scheduled hearing on confirmation and consequently will not have an opportunity to request cram down and give notice thereof to the affected claimants prior to the initial confirmation hearing. Establishing that a plan is fair and equitable with respect to a class places additional burdens on both the Court and the debtor since such requires valuations of property and of income streams. Finally, the fair and equitable test is very difficult, if not impossible, to meet in most cases in which the holders of interests retain those interests while creditors may not be paid in full.

In view of the major impact that the cram down procedure has on confirmation of Chapter 11 plans, the question is raised, as has been in the instant case, of whether by doing absolutely nothing, a creditor or class can force the debtor to utilize the cram down provisions of the Bankruptcy Code in order to obtain confirmation of a plan of reorganization. Although the decisions conflict, this issue has recently been squarely addressed by the Tenth Circuit in *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir.1988), and by the United States Bankruptcy Court for the Southern District of Florida in *In re Townco Realty, Inc.*, 81 B.R. 707 (Bkrtcy.S.D.Fla.1987). In *Sweetwater*, a secured creditor, one of eighty-three (83) separate classes of secured creditors and one of twenty (20) classes opting not to vote on the plan prior to confirmation appealed the order confirming the plan and a determination by the bankruptcy court that a non-voting, non-objecting creditor who is the only member of a class is deemed to have accepted the plan for purposes of § 1129(a)(8) and § 1129(b). The Circuit Court affirmed the district court's affirmance of the bankruptcy court and stated,

> We hold that the district court correctly affirmed the bankruptcy court's ruling that Heins' inaction constituted an acceptance of the Plan. To hold otherwise would be to endorse the proposition that a creditor may sit idly by, not participate in any manner in the formulation and adoption of a plan in reorganization and

thereafter, subsequent to the adoption of the plan, raise a challenge to the plan for the first time. Adoption of the Heins' approach would effectively place all reorganization plans at risk in terms of reliance and finality. *Id* at 109.

In *In re Townco Realty, Inc.*, 81 B.R. 707 (Bkrtcy.S.D.Fla.1987), the debtor had six creditors, with one creditor, its mortgagee holding approximately 99.9% of the total debt. *Townco* had only one asset, a shopping mall, and its only activity was the management of that property. The mortgagee orally accepted the modified plan at a confirmation hearing, however, none of the remaining five unsecured creditors voted. The Court stated that failure to vote on the plan did not constitute acceptance of the plan. *Id.* at 708. The Court relied on Rule 3018(c) and § 1126(c) in support of its ruling. Rule 3018(c) provides that, "[a]n acceptance or rejection shall be in writing ..." Section 1126(c) provides that a class has accepted a plan if the plan has been accepted by the requisite number and amount of the claims in the class. *Id.*

Although recognizing the conflict, this Court concurs with the reasoning of the Tenth Circuit. A single creditor or class of creditors should not, by their total inaction, be able to force a debtor to have to resort to the cram down process to obtain confirmation of a plan when all of the other confirmation requirements, including the affirmative acceptance of the plan by at least one impaired class, have been met.

Accordingly, in the instant case those impaired classes which failed to vote and did not object to confirmation of the plan are deemed to have accepted the plan for purposes of meeting the requirements of § 1129(a)(8) of the Bankruptcy Code. The Court is thus under no obligation to make the determination under § 1129(b) that the plan does not discriminate unfairly and that it is fair and equitable with respect to those non-voting classes.

A separate order will be entered confirming the debtors' Plan of Reorganization in accordance herewith.