**In re Richard P. FRIESE, Debtor.**

**No. 88 B 10515 (TLB).**

United States Bankruptcy Court, S.D. New York.

Aug. 2, 1989.

Bruce Weiner, New York City for the debtor in possession.

Office of the U.S. Trustee, New York .City.

TINA L. BROZMAN, Bankruptcy Judge.

At issue is the ability of the court to confirm a chapter 11 plan of reorganization when not a single holder of an impaired claim has cast a ballot. The facts are not in contest.

In May 1989, Richard P. Friese, the debtor and debtor in possession, filed an amended plan of reorganization dated May 1, 1989. Following approval of his disclosure statement, the debtor solicited acceptances for his plan.

As the disclosure statement reveals, Mr. Friese is an executive for Ziff Davis Publishing Company whose annual salary, including bonuses, is in the neighborhood of $150,000. His plan divides his creditors into three classes. Class 1 creditors comprise administrative creditors who will be paid in full on confirmation. Class 2 creditors are the unsecured creditors, specifically, Chemical Bank, Rosenman & Colin and American Express. Chemical Bank has been paid by the debtor's employer, who has relieved the debtor of any liability on account of the payment. American Express filed claims after expiration of the last day to file claims. Rosenman & Colin has an allowed $5,000 claim and, pursuant to the plan, would receive 50% of its claim, without interest, in full settlement ten days after an order of confirmation becomes final. The class 3 creditor is the Internal Revenue Service. The plan provides that it shall be paid $20,000 on confirmation and the balance of its allowed claim over the maximum time allowable by law together with statutory interest. The debtor asserts that the amount of the allowed claim has been negotiated with the Internal Revenue Service although the agreement has not yet been reduced to writing.

■ No creditor has voted either for or against the plan nor has any objection to confirmation been interposed. Notwithstanding the lack of an objection, in order to confirm the plan the court must find that the requirements of 11 U.S.C. § 1129(a) have been fulfilled.

There are three problems which prevent confirmation of this plan. Section 1129(a)(8) provides that the court may confirm a plan only if, with respect to each class of claims, the class has accepted the plan or is not impaired under the plan. The definition of "impairment" is contained in section 1124 which, so far as pertinent, provides that a class of claims which has no right to acceleration of its debt is impaired unless with respect to each claim in the class the plan leaves unaltered the legal, equitable and contractual rights of the holder of the claim or provides that on the effective date of the plan the holder will receive on account of its claim cash equal to the allowed amount of the claim. Thus, class 2 is clearly impaired.

■ Because class 2 is impaired it is necessary to determine whether it may be deemed to have accepted the plan. Acceptance is governed by 11 U.S.C. § 1126. An unimpaired class is conclusively presumed to have accepted the plan. 11 U.S.C. § 1126(f). A class receiving no distribution is deemed not to have accepted the plan. 11 U.S.C. § 1126(g). And a class of claims has accepted the plan if creditors, excluding those whose vote or the procurement of whose vote was not in good faith, holding at least two-thirds in amount and more than one-half in number of the allowed claims that have voted have voted to accept the plan. 11 U.S.C. § 1126(c). Rule 3018(c) of the Federal Rules of Bankruptcy Procedure provides that "[a]n acceptance or rejection shall be in writing ..." The

conclusion from all of this is that the court cannot deem an impaired class to have accepted a plan if no creditors in that class have voted. *See In re Townco Realty, Inc.*, 81 B.R. 707, 708 (Bankr.S.D.Fla.1987). To the extent that *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir.1988), which held that a single creditor class which fails to vote may be deemed to accept the plan, is in conflict with this decision, I believe its rationale is faulty; where the class fails to vote it should not be deemed to accept the plan, but the plan may nonetheless be subject to confirmation pursuant to the so-called "cramdown" provisions of section 1129(b). For the same reason, I disagree with *In re Campbell*, 89 B.R. 187 (Bankr. N.D.Fla.1988), which follows *Ruti–Sweetwater*. Since class 2 is impaired and has not accepted the plan, the requirements of 11 U.S.C. § 1129(a)(8) have not been met.

Whether class 3 is impaired is not so easily answered. Section 1129(a)(9)(C) permits deferred cash payments of a seventh priority tax claim. Such permitted payments would appear to be impairment literally embraced by the language of section 1124 since the rights of the taxing authority are being altered and since the allowed claim is not being paid in full on the effective date of the plan. Nonetheless, there is good reason to hold that such a tax claim is not impaired. *See In re Snedaker*, 32 B.R. 29 (Bankr.S.D.Fla.1983). Unlike holders of claims with priority under section 507(a)(3), 507(a)(4), 507(a)(5) and 507(a)(6), who may vote down a proposal to take deferred cash payments and must in that event receive payment in full on the effective date of the plan, seventh priority tax claimants cannot defeat a plan provision for deferred payments meeting the requirements of section 1129(a)(9)(C). *Compare* 11 U.S.C. § 1129(a)(9)(B) *with* § 1129(a)(9)(C). It, therefore, makes little sense to require solicitation of acceptances from taxing authorities with seventh priority claims. But on the facts presented, I cannot determine, in any event, whether the requirements of section 1129(a)(9)(C) have been met because I have no record concerning what the $20,-000 cash payment purports to represent.

The third problem with this plan is that it has not been accepted by the impaired class. Section 1129(a)(10) of title 11 requires that at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider. The debtor urges that in light of the lack of interest exhibited by the class 2 creditors I should deem them to have accepted the plan. Although the debtor's argument has a certain emotional appeal, to adopt the debtor's proposal would be to subvert the plan confirmation process. *See In re Douglas Hereford Ranch, Inc.*, 76 B.R. 781 (Bankr.D.Mont.1987). Because there is an impaired class and it has not accepted the plan, the plan cannot be confirmed.

The debtor's reliance on *In re Landau Boat Co.*, 13 B.R. 788 (Bankr.W.D.Mo. 1981), which held that an affirmative acceptance by a class is not required for confirmation, is misplaced, because *Landau* has been effectively overruled by the amendment to section 1129(a)(10) made by the Bankruptcy Amendments and Federal Judgeship Act of 1984. "As amended, section 1129(a)(10) requires the affirmative acceptance of the plan by at least one impaired class of claims unless all classes of claims are left unimpaired. The effect of the amendment is to permit confirmation of a plan which leaves all classes unimpaired, but to prevent recourse to the 'cram-down' powers of section 1129(b) in circumstances where no impaired class of claims has accepted the plan." 5 L. King, *Collier on Bankruptcy*, ¶ 1129.02 at 1129–36.10 (15th ed. 1988) (footnote omitted).

Accordingly, confirmation of the debtor's plan is denied. Because it is possible that the debtor may wish to amend or modify his plan and, if necessary, resolicit acceptances, the court will not *sua sponte* convert or dismiss the case. Submit order.